**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **Carter and Linda Powell,** | Case No. 10-CV-6263-HO |
| Plaintiff, | |
| vs. | Defendant's<br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS |
| **BAC HOME LOANS SERVICING,** | |
| Defendant. | |

## I. INTRODUCTION

Pro se litigants have become increasingly common in recent years. But while they may not have an attorney's level of knowledge about the legal system, they must still comply with the Federal Rules of Civil Procedure. Thus, if a pro se complaint fails to meet the bare minimum pleading requirements, the Court should dismiss it just like any unmeritorious complaint from a represented party. This is just such a case.

This case involves a dispute over a residential loan and trust deed. On or about November 22, 2006, plaintiffs Carter and Linda Powell borrowed $398,250 from Bank of America, N.A., in exchange for their promise to repay the loan with interest and execution of a

PAGE 1 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

trust deed on property at 2969 NW Century Drive, Prineville, Oregon ("the Property"). BAC Home Loan Servicing, LP (which has been incorrectly named in the caption as "BAC Home Loan Servicing") ("BAC" or "defendant") later acquired plaintiffs' loan by assignment. Plaintiffs began having difficulty making payments on their loan in October 2008. BAC has not yet commenced foreclosure proceedings.

On September 14, 2010, plaintiffs Carter and Linda Powell, acting pro se, filed an Original Petition, and "Petition for Restraining Order," against BAC in which they sought to enjoin BAC from foreclosing on the Deed of Trust. On September 23, 2010, without BAC appearing, this Court denied plaintiffs' request for an injunction.

Plaintiffs' Original Petition, which is apparently copied from the Internet and does not allege any facts specific to plaintiffs' claims, alleges causes of action for unjust enrichment, quiet title, breach of fiduciary duty, negligence, fraud, breach of the implied covenant of good faith and fair dealing, violations of the Truth In Lending Act (15 U.S.C. § 1601 et seq.), and intentional infliction of emotional distress.

For the reasons discussed more fully below, the Court should dismiss plaintiffs' Original Petition in its entirety with prejudice:

1.  Plaintiffs' claims for breach of fiduciary duty, negligence, fraud, violation of TILA, and intentional infliction of emotional distress are all time-barred;

2.  Plaintiffs lack standing to bring a claim for rescission under TILA; and

3.  Plaintiffs do not allege any facts *at all* in support of their various causes of action.

In short, plaintiffs fail to state any valid cause of action. Therefore, the Court should dismiss the Original Petition with prejudice.

## II. STATEMENT OF FACTS

Plaintiffs' Original Petition contains virtually no specific facts other than:

A.  Plaintiffs "entered into a consumer contract for the finance of a primary residence located at 2969 NW Century Drive, Prineville, Oregon * * *." (*See* Original Petition, ¶¶ 15–16.)

PAGE 2 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

      B.      Plaintiffs were charged various fees at closing. (*Id.* ¶¶ 323–324.)

Plaintiffs do not allege any other facts in support of their claims against BAC. The loan documents show that on November 17, 2006, plaintiffs executed a $398,250 loan from Bank of America, N.A., secured by a Deed of Trust on real property located at 2969 NW Century Drive, Prineville, Oregon. (*See* Declaration of Pilar C. French in Support of Defendant's Request for Judicial Notice or Incorporation by Reference and Motion to Dismiss ("French Decl."), Ex. 1 (Note) and Ex. 2 (Deed of Trust).) Plaintiffs have now sued BAC, which is the current servicer on their loan.

### III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984). Time barred claims and remedies are also properly disposed of on a motion to dismiss. *See King v. State of California*, 784 F.2d 910, 913-15 (9th Cir. 1986). The purpose of a 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir., 2003). Indeed, the Supreme Court recently confirmed the requirements that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52

PAGE 3 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

(2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

The Supreme Court outlined two "working principles" for applying the *Twombly* standard in the motion to dismiss context:  (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Ashcroft,* 129 S. Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 555-56).  The Court noted that the determination of whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'"—"that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

In evaluating a motion to dismiss, the court must construe plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations as true. *Shwarz v. U.S.,* 234 F.3d 428, 435 (9th Cir. 2000).  The court need not accept as true, however, allegations that contradict facts that may be judicially noticed.  *Id.*  When a plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may do so as part of its motion to dismiss.  *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).  Such documents are not considered to be outside the pleadings.  *Id.*  This Court also may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Here, BAC has requested the Court to take judicial notice of several documents referred to in

PAGE 4 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

plaintiffs' Original Petition, as well as documents of public record.  (*See* Defendant's Request for Judicial Notice.)

Moreover, allegations of fraud are subject to a heightened pleading standard under Rule 9(b), which requires that in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Fed. R. Civ. P. 9(b).  When pleading a fraud claim, a complaint must, at a minimum, "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citations omitted).  In addition, "[s]uch allegations must define the specific involvement of the individual defendants." *ITI Internet Services, Inc. v. Solana Capital Partners, Inc.,* 2006 WL 1789029 *1, *8 (W.D. Wash. 2006) (citation omitted).  Where, as here, the Original Petition accuses several unidentified defendants of participating in an alleged fraudulent scheme, "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations * * * and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and quotations omitted).  Conclusory allegations that defendants were acting in concert with, or were principals of, agents who were making false statements without any factual basis are insufficient to satisfy Rule 9(b).  *Id.* at 765; *see also ITI Internet Services, Inc. v. Solana Capital Partners, Inc.*, 2006 WL 1789029 at *8-*9 (W.D. Wash. 2006).  Here, the plaintiffs recites a number of legal conclusions and states no plausible claims for relief.  Therefore, plaintiffs Original Petition should be dismissed.

## IV. <u>LEGAL ARGUMENT</u>

A. **Plaintiffs Have Not Properly Commenced an Action Against BAC.**

The purpose of Fed. R. Civ. P. 8 providing general rules of pleading, is to protect defendants from undefined charges and keep federal courts free of frivolous suits.  *Howard v. Koch*, 575 F. Supp. 1299, 1304 (E.D. N.Y. 1982).  In order to allow a defendant to frame a

PAGE 5 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

responsive pleading, Fed. R. Civ. P. 8(a)(2) requires a pleading which sets forth a claim for relief to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(e)(1) requires each averment to be "simple, concise, and direct." Fed. R. Civ. P. 10(b) requires claims to be limited to the extent possible to a "statement of a single set of circumstances." Plaintiffs' Original Petition fails to satisfy any of these requirements.

Plaintiffs' pleading does not clearly and concisely allege the legal basis for this action. Plaintiffs use of random legalese, cases, and conclusory language does not establish that plaintiffs are entitled to any relief, and they do not reasonably apprise BAC of the claim or claims plaintiffs allege against it. Plaintiffs' Original Petition appears to have been copied from a Web site and has been used, almost verbatim, by other pro se litigants. This exact complaint has been deemed "wholly devoid of any factual basis supporting Petitioner's many legal conclusions" in a similar action in the Central District of California. (French Decl. Ex. 4.) Judge King recently ruled that this nearly identical complaint, filed in another similar action, should be dismissed with prejudice and that "the deficiencies in all of plaintiff's claims cannot be cured by amendment." (French Decl. Ex. 6 (*Vasconcellos v. Wells Fargo*, U.S. District Court Case No. 10-CV-757-KI).) Therefore, this Original Petition should be dismissed in *this* case as well.

B.   **Plaintiffs Have Failed to State a Claim for Unjust Enrichment.[1]**

In order to establish a claim for unjust enrichment, "a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it." *Volt Services Group v. Adecco Employment Services,* 178 Or. App. 121, 133 (2001), *rev. denied,* 333 Or. 567, 42 P.3d 1246 (2002). *See also L.S. Henriksen Constr., Inc.*

---

[1] Plaintiffs have interspersed vague legal theories for relief within the narrative of the Original Petition, which is essentially a condemnation of the mortgage industry at large. Defendant's Motion To Dismiss has attempted to address all of the possible causes of action raised in the Original Petition. To the extent that plaintiffs seek relief under a legal theory that this Motion to Dismiss does not address, any such claim necessarily fails for the reason that plaintiffs do no allege any facts in support of their Original Petition.

PAGE 6 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*v. Shea,* 961 P.2d 295, 296-97 (Or. Ct. App. 1998). The *Henriksen* court further stated that "a complaint must contain allegations that the 'enrichment' was 'unjust.' The mere fact that a benefit was conferred is insufficient." *Id.* at 297.

Here, the Original Petition not only fails to assert that plaintiffs conferred a benefit on defendant, but also fails to allege how retention of any such benefit by defendant would be unjust. Defendant received only those payments that plaintiffs contractually agreed to pay. Plaintiffs' Original Petition fails to allege any fact upon which a claim for unjust enrichment could be made.

### C.     Plaintiffs Have Failed to State a Claim to Quiet Title.

Quiet Title is a legal theory upon which a court can fashion an equitable remedy. It is not a cause of action unto itself. In general, a party may seek to quiet title when there is no adequate remedy at law. ORS 105.605. *See also, Hall v. Smith*, 523 P.2d 1254 (Or. Sup. Ct. 1974). Plaintiffs fail to provide any facts to support a claim that there is not an adequate remedy at law. (Original Petition at 18:511-25.) Instead, plaintiffs merely state a series of summary legal conclusions that they have "properly averred a claim to quiet title." (*Id.* at 511.)

### D.     Plaintiffs Have Failed to State a Claim for Breach of Fiduciary Duty.

Plaintiffs allege that unspecified "Defendants * * * owed Petitioner a fiduciary duty of care with respect to the mortgage loan transactions * * *." (Original Petition at 20:544-545.) Plaintiffs further allege that "[d]efendants breached their duties to Petitioner by, inter alia" failing to comply with federal legislations governing the disclosure of mortgage loan terms. (*Id.* at 20:547.) But this claim fails for at least two independent reasons: (1) it is time-barred; and (2) defendant does not owe plaintiffs a fiduciary duty as a matter of law.

**1.     Plaintiffs' claim for breach of fiduciary duty is time-barred.** ORS 12.110 provides that an action for breach of fiduciary duty must be commenced within two years of the of the purported breach or injury. *See also, Vasconcellos v. Wells Fargo Home Loan Mort.,* 2010 WL 3732232, *5 (Dist. Or. 2010) (applying two-year statute of limitations to breach of

PAGE 7 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

fiduciary duty claims). Here, plaintiffs executed their loan on November 17, 2006. Plaintiffs then waited until September 14, 2010—*nearly four years later*—to file the instant action. As such, plaintiffs' claim for breach of fiduciary duty is time-barred.

      **2.**      **BAC does not owe plaintiffs a duty as a matter of law.** Plaintiffs cannot plead a claim for breach of fiduciary duty against BAC. As plaintiffs' lender, BAC's relationship with plaintiffs is merely arm's length, not fiduciary in nature. *See Uptown Heights Associates Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 649-650, 891 P.2d 639 (1995) (affirming dismissal for failure to state a claim and finding allegations of special relationship or duty were not supported by the parties' arms-length debtor-creditor relationship). *See also, Vasconcellos v. Wells Fargo Home Loan Mort.,* 2010 WL 3732232, *5 (Dist. Or. 2010). BAC does not have a fiduciary relationship with plaintiffs. BAC acts as loan servicer for the lender and did not even originate the loan in question. Moreover, like the lender, BAC's relationship does not create a fiduciary duty to plaintiffs.

      Furthermore, plaintiffs have failed to plead any facts establishing that BAC even breached a fiduciary duty. Instead they simply make a conclusory claim that BAC must have breached a fiduciary duty because it breached TILA, HOEPA, and RESPA. Plaintiffs do not specify how BAC allegedly violated those federal statutes. Nor do they explain why alleged violations of those acts can be converted into a claim for breach of fiduciary duty.

      Accordingly, plaintiffs cannot prevail on their claim for breach of fiduciary duty because the claim is time-barred and because BAC does not have a fiduciary duty to plaintiffs.

**E.**      **Plaintiffs' Complaint Fails to State a Claim for Negligence/Negligence Per Se.**

      Plaintiffs assert that BAC, with respect to plaintiffs, "owed a general duty of care" and a "duty of care under TILA, HOEPA, RESPA, and the Regulations X and Z promulgated thereunder." (Original Petition at 20:559-63.) For the same reasons plaintiffs' breach of fiduciary duty claims are time-barred, so are their negligence claims. ORS 12.110. In any case,

PAGE 8 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

116589.0250/881243.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

BAC did not and does not owe a general duty of care to plaintiffs, nor does it owe them a duty of care under the aforementioned statutes.

   **1. BAC did not owe or breach a duty to plaintiffs.**  In Oregon, negligent "liability for purely economic harm 'must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent reasonable harm.'" *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP,* 336 Or. 329, 341, 83 P.3d 322 (2004) (*citing Onita Pacific Corp. v. Trustees of Bronson*, 315 Or. 149, 159, 843 P.2d 890 (1992), *rev. denied,* 318 Or. 170, 867 P.2d 1384 (1993).  The Oregon Supreme Court has held that a "special relationship" exists only between "certain professionals" (lawyers, physicians, engineers, and architects) and their clients, and those in which parties take on the roles of agent and principal, trustee and beneficiary, pledgee and pledgor, and insurer and insured.  *Conway v. Pacific University,* 324 Or. 231, 239, 924 P.2d 818 (1996).  As explained by the Court of Appeals,

> [t]he common thread in the special relationships that the Supreme Court has recognized as giving rise to a duty of care to protect against purely economic loss is that the professional is acting, at least in part, to further the economic interests of the person to whom the duty is owed.

*Ammons v. Jackson County,* 119 Or. App. 181, 184, 850 P.2d 376, *rev. denied*, 318 Or. 24 (1993). Where, however, the two parties are negotiating at arm's-length to further their own interests, the relationship is "adversarial," and economic losses arising from alleged negligent conduct is not actionable.  *Onita*, 315 Or. at 161-62.

   Here, plaintiffs have not alleged, and cannot allege that a special relationship exists between them and BAC.  Instead, they claim that BAC negligently performed certain contractual obligations.  Those are not facts that support a claim for negligence under Oregon law.  A contractual relationship is not "special."  *See Stevens v. First Interstate Bank of California,* 167 Or. App. 280, 999 P.2d 551 (2000), *rev. denied*, 321 Or. 429 (2000).

   **2. BAC did not owe plaintiffs a statutory duty of care.**  Neither does BAC owe a duty of care to plaintiffs under TILA, HOEPA, RESPA, or RESPA's Regulations X and Z.  As a

PAGE 9 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

preliminary matter, any claim that plaintiffs could conceivably assert under those statutes is time-barred by the applicable one-year and three-year statutes of limitations, as plaintiffs closed on their loan in November 2006 and this action was filed in September 2010.  The time period to bring an action under TILA for rescission is three years and for damages is one year from the date of the violation.  15 U.S.C. §§ 1635(f), 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) (Section 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation.").  The date of the violation refers to the date "the loan documents were signed." *Meyer v. Ameriquest Mortg. Co.* 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986) (limitation period begins to run on the "date of the consummation of the transaction or upon the sale of the property, whichever occurs first").  HOEPA is an amendment to TILA and has the same applicable statute of limitations.  *Kemezis v. Matthew*, No. Civ.A. 07-5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008).  Further, RESPA claims under 12 U.S.C. § 2607 "against kickbacks and unearned fees" are subject to a one-year limitations period, and RESPA claims under 12 U.S.C. § 2605 are subject to a three-year limitations period.  12 U.S.C. § 2614.  The limitations period begins to run at closing.  *Snow v. First Am. Title Ins. Comp.*, 332 F.3d 356, 359 (2003).  Despite plaintiffs' survey of the landscape of federal law regarding equitable tolling of these statutory claims (*see* Original Petition at 14:384-15:416), plaintiffs fail to identify any facts or circumstances that might toll the statutes of limitation and/or repose in this case; thus, all such periods have expired, and plaintiffs' statutory claims are time-barred.

To the extent that plaintiffs are attempting to assert any independent statutory claims against BAC unrelated to negligence and/or a duty of care, plaintiffs' claims cannot succeed on

PAGE 10 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

the merits.  As previously stated, BAC is a loan servicer.  "[L]oan servicers are generally not liable under TILA and HOEPA."  *Williams v. Saxon Mortg. Servs., Inc.*, 2007 WL 3124470, *1 (S.D. Ala. Oct. 27, 2007) (citing 15 U.S.C. § 1641(f)(1)); *see Marks v. Ocwen Loan Servicing*, 2008 WL 344210 (N.D. Cal. Feb. 6, 2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees * * *").  Thus, plaintiffs cannot prevail on independent TILA and/or HOEPA claims against BAC.

Plaintiffs may only assert a RESPA violation against BAC under 12 U.S.C. § 2605, the "Servicer Act," because BAC is a loan servicer.  A servicer's obligation to respond to consumer inquiries is triggered by its receipt of a "qualified written request."  12 U.S.C. § 2605(e).  A qualified written request ("QWR") must be in the form of written correspondence, and it must include the "reasons for the belief of the borrower, to the extent applicable, that account is in error" or "provide[] sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B), (e)(1)(B)(ii).  Plaintiffs do not and cannot allege that they ever submitted a QWR to BAC.  As such, plaintiffs never triggered BAC's duty, as servicer, to respond to an inquiry.  Plaintiffs thus cannot prevail on a RESPA claim against BAC (acknowledging that plaintiffs have not actually asserted such a claim, but responding to the possibility in an abundance of caution) because plaintiffs did not comply with the reporting requirements of 12 U.S.C. § 2605 et seq.

BAC did not and does not owe either a common law or statutory duty of care to plaintiffs.  Moreover, any and all negligence theories, statutory or otherwise, asserted by plaintiffs are time-barred.  Accordingly, plaintiffs cannot prevail on their claim for negligence/negligence per se.

F.     **Plaintiffs Fail to State a Claim for Common Law Fraud.**

Plaintiffs fail to allege a cause of action for fraud against BAC.  It is unclear against whom the "Agent:  Common Law Fraud" action is asserted.  Instead of naming any individuals allegedly liable for fraud, plaintiffs instead make vague references to certain "Agents."  (Original Petition at 21:575-595.)  Plaintiffs define "Agent" as "the person or entity who receives any

PAGE 11 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

portion of the yield spread premium, or a commission of any kind consequent to securing the loan agreement through from the borrower." (Original Petition at 5:129-131.) This definition of "Agent" does not apply to BAC as a loan servicer, but instead applies to brokers who, as plaintiffs describe, should "seek out the best deal for [their] client" when securing a loan agreement. (Original Petition at 5:133.) That fact notwithstanding, BAC is the only named defendant in this action. No "Agents," brokers, lenders, or other parties were identified by plaintiffs. Plaintiffs' Original Petition thus asserts a fraud claim against unidentified non-parties, but states no claim against BAC.

1. **Plaintiffs' fraud claim is barred by the applicable statute of limitations.** In Oregon, an action for fraud must be commenced within two years; "provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit." ORS 12.110. *See also Vasconcellos v. Wells Fargo Home Loan Mort.,* 2010 WL 3732232, *5 (Dist. Or. 2010). For purposes of the statute, a plaintiff "discovers" the fraud when the plaintiff knew or should have known of it. *Bell v. Benjamin,* 232 Or. App. 481, 485-85, 222 P.3d 741, 744 (2009). Whether the plaintiff knew or should have known is analyzed in two steps. *Id.* First, it must appear that plaintiff had sufficient knowledge to excite her attention and put her on guard or call for an inquiry. *Id.* Second, if plaintiff had such knowledge, it must also appear that a reasonably diligent inquiry would disclose the fraud. *Id.* Although the jury typically determines whether plaintiff knew or should have known of the fraud, where only one conclusion can be reasonably drawn, the question is for the court. *Id.*

In *Bell*, plaintiff argued that the defendants defrauded him in the sale of his home when they failed to pay him certain monies at closing. *Id.* The court found that plaintiff's claims were time-barred because, as a matter of law, plaintiff was aware at closing that he did not receive the funds and his suit was filed more than two years after the closing date. *Id.* For the same reasons, plaintiffs' fraud claim is time-barred. Here, plaintiffs contend that BAC's predecessor, through its employees, induced them into taking out a loan they could not afford. (Original Petition at

PAGE 12 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

9:254-264.) Plaintiffs reviewed, read, and signed the loan documents specifying the repayment terms on November 22, 2006. (French Decl. Exs. 1 and 2.) They were thus on notice of a purported fraud as of that date and were required to assert this claim no later than November 22, 2008.

    **2.    Plaintiffs have not alleged any facts to establish a fraud claim.** Plaintiffs repeatedly allege that they are suing for fraud. (Original Petition at 6:164-167, 7:183-189, 9:249.) The gist of their complaint appears to be that the originating lender induced them into agreeing to a loan that they could not afford. (*Id.* at 9:254-264.) Plaintiffs concede, however, that BAC did not originate this loan, but rather acquired it by assignment. (*Id.* at 9:236-237.) Plaintiffs have failed to plead facts with sufficient particularity to establish why BAC is liable for any purported misrepresentation committed by the originating lender. *See Chavez v. United Mortgage Services, Inc.,* 2009 WL 4505439, *4 (D. Or.) (dismissing plaintiff's fraud claim against a loan assignee where plaintiff only provided legal conclusions concerning assignee's involvement).

    In addition, plaintiffs' Original Petition fails to plead with sufficient particularity what the originating lender did to commit a fraud on plaintiffs. To state a claim for fraud, plaintiffs must allege with particularity the circumstances that establish each of the following elements: (a) that each defendant made a false representation of a material matter; (b) that each defendant knew the representation was false; (c) that each defendant knew that he was misleading plaintiff; (d) that plaintiff reasonably relied on the representation; and (e) that each plaintiff was damaged as a direct result of his or her reliance on the representation. *Riley Hill General Contractor v. Tandy Corp.,* 303 Or. 390, 405, 737 P.2d 595 (1987). Plaintiffs have not alleged fraud with the requisite specificity. In fact, plaintiffs have alleged ***no specific actions on the part of any party*** such as might support a claim for common law fraud.

Plaintiffs cannot prevail on the merits of their claim for common law fraud because they do not assert it against a named party to the litigation, because they fail to plead fraud with any specificity and because it is time-barred.

G.  **Plaintiffs Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fail as a Matter of Law.**

Plaintiffs also purport to assert a claim for breach of the implied covenant of good faith and fair dealing. The factual allegations supporting the claim are conclusory, stating only that "Defendants" breached their duty of good faith and fair dealing when they withheld numerous disclosures and failed to comply with underwriting standards and other terms, and initiated foreclosure proceedings. (Original Petition at 22:618-23:632.) The conduct alleged, however, is all with respect to matters involved in the loan's origination; plaintiffs allege no conduct on the part of BAC as the subsequent assignee of the loan to support this claim for relief.

Moreover, to the extent that plaintiffs articulate an injury, it flows from the terms of the contract they signed, but now contend was breached. But to the extent that BAC—or other unidentified defendants—have proceeded pursuant to the express terms of the contract, there can be no claim for breach of the implied covenant of good faith and fair dealing. *See Stevens v. Foren*, 154 Or. App. 52, 58, 959 P.2d 1008 (1998) ("[t]he duty of good faith and fair dealing cannot contradict an express contractual term, nor does it provide a remedy for an unpleasantly motivated act that is permitted expressly by contract"). *See also Pacific First Bank v. New Morgan Park Corp.*, 319 Or. 342, 876 P.2d 761 (1994). Therefore, plaintiffs' claims for breach of the implied covenant of good faith and fair dealing fail as a matter of law.

H.  **Plaintiffs' Complaint Fails to State a Claim for Violation of Truth in Lending Act 15 U.S.C. § 1601 et seq. Because it is Time-Barred and Fails to State Any TILA Violation.**

Plaintiffs' next cause of action alleges that BAC violated the federal Truth In Lending Act ("TILA"). (Original Petition at 23:635-40.) Plaintiffs claim that such violations "invalidate[] Defendant's claimed interest in the Subject Property, and entitles Petitioner to

PAGE 14 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

damages as proved at trial." *Id.* However, plaintiffs lack standing to bring this claim, which is both time-barred and unsupported by facts.

1. **Plaintiffs TILA claim is time-barred.** As more fully discussed in Section E.2. *infra*, the time period to bring an action under TILA for rescission is three years and for damages is one year from the date of the violation. 15 U.S.C. §§ 1635(f), 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183 (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation."). The loan documents at issue were signed in November 2006, and this action was filed in September 2010. Accordingly, plaintiffs' TILA claim is barred by the one-year statute of limitations.

2. **Plaintiffs fail to allege a breach of TILA by defendant.** Even if plaintiffs' TILA claims were timely, plaintiffs have not—and cannot—allege any violation of TILA. TILA and Regulation Z, the regulation that defines credit disclosure requirements under TILA, contain specific disclosure requirements that will give rise to a TILA violation if not followed by the creditor. *See* 15 USC § 1638(a), (b), (c). Plaintiffs' TILA claim, however, contains only general allegations about the loan; it fails to include what specific disclosures BAC allegedly did not make, and how BAC's conduct violated TILA. Such allegations are insufficient to satisfy the facial plausibility standard established in *Twombly* and *Iqbal*.

Furthermore, plaintiffs seek rescission of their loan based on purported TILA violations. However, rescission under TILA does not apply to "residential mortgage transaction[s]." 15 U.S.C. § 1635(e) ("This section does not apply to — (1) a residential mortgage transaction * * *."). A "residential mortgage transaction" is defined in TILA as a mortgage creating a security interest "against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Here, plaintiffs borrowed the funds to

PAGE 15 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

purchase the home in 2006 (i.e., this was not a refinance), therefore the remedy of rescission is not available to them.

In addition, "loan servicers are generally not liable under TILA and HOEPA." *Williams v. Saxon Mortg. Servs., Inc.*, 2007 WL 3124470, *1 (S.D. Ala. Oct. 27, 2007) (citing 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.")); *see also Marks v. Ocwen Loan Servicing*, 2008 WL 344210 (N.D. Cal. Feb. 6, 2008) ("Although TILA provides that assignees of a loan may be liable for TILA violations, loan servicers are not liable under TILA as assignees * * *."). Thus, BAC, as a loan servicer, is not liable under TILA.

Plaintiffs also contend in an impermissible and conclusory fashion that they are entitled to damages under TILA. (Original Petition at 23:655-657.) They are incorrect for a number of reasons. First, plaintiffs concede that BAC is merely an assignee. (*Id.* at 9:236-237.) Accordingly, in order to be entitled to damages, plaintiffs are required to allege that the purported TILA violations were apparent on the face of the loan documents BAC acquired. 15 U.S.C. § 1641(e); *see also Bushong v. Paramount Equity Mortgage, Inc.*, 2010 WL 3945256 (Dist. Or. 2010) at *5 (holding that plaintiff cannot recover statutory damages or attorney fees against an assignee under TILA absent allegations that the disclosure violations were apparent on the face of the documents); *Russell v. Mortgage Solutions Management, Inc.,* 2010 WL 3945109 (Dist. Or. 2010) at *2 (same). Plaintiffs' Original Petition is devoid of any such allegations. Indeed, plaintiffs' Original Petition fails to provide any factual detail whatsoever as to how TILA was violated. Accordingly, plaintiffs are not entitled to statutory damages. Moreover, even if they were entitled to such damages, their claimed damages of $472,340.11 are far beyond the scope of what is permitted under TILA. (Original Petition at 24:674.) *See generally* 15 U.S.C. § 1640(a) (limiting damages to actual damages and statutory damages of not greater than $4,000).

PAGE 16 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

I.  **Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.**

Plaintiffs' final claim for relief alleges intentional infliction of emotional distress. (Original Petition at 23:642-652.) But this claim, like the rest of their claims, is time-barred and unsupported by any facts.

1.  **Plaintiffs' claims for intentional infliction of emotional distress is time-barred.** Plaintiffs' claim for intentional infliction of emotional distress fails because it is time-barred. Like plaintiffs' other tort claims, this claim too is barred by the two-year statute of limitations. ORS 12.110. Plaintiffs' claim is also factually deficient.

2.  **Plaintiffs' claim fails to allege extreme or outrageous conduct nor severe emotional distress.** To state a claim for IIED, a plaintiff must plead and prove the following: (a) the defendant intended to inflict severe emotional distress on the plaintiff; (b) the defendant's acts were the cause of the plaintiff's severe emotional distress; and (c) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *McGanty v. Staudenraus,* 321 Or. 532, 543, 901 P.2d 841 (1995) (quoting *Sheets v. Knight,* 308 Or. 220, 236, 779 P.2d 1000 (1989)); *see also Campbell v. Safeway, Inc.,* 332 F. Supp. 2d 1367, 1376 (D. Or. 2004). Plaintiffs have failed to allege facts sufficient to establish any element of their IIED claim.

The first essential element of an IIED claim is that the defendant "intended to inflict severe emotional distress" on the plaintiffs, or that they "knew that such distress was substantially certain to result from a volitional act." *See Babick v. Oregon Arena Corp.,* 333 Or. 401, 412 (2002). Conduct that is merely "reckless" does not satisfy the element of intent in an action for IIED. *Snead v. Metropolitan Prop. & Cas. Ins. Co.,* 909 F. Supp. 775, 779 (D. Or. 1996), *aff'd,* 116 F.3d 486 (9th Cir. 1997).

Plaintiffs do not allege any facts showing that BAC intended to inflict emotional distress on plaintiffs. Instead, they merely allege that "Defendants" "knew" or "acted in conscious and/or reckless disregard" that its conduct would cause plaintiffs severe emotional distress.

PAGE 17 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

(Original Petition at 23:639-645.) Nor do they plead facts to establish how their distress was severe. To recover damages under a claim for IIED, plaintiffs' emotional distress must be severe. *Rockhill v. Pollard*, 259 Or. 54, 63, 485 P.2d 28 (1971). Plaintiffs merely make bald, factually unsupported conclusions that they suffered severe emotional distress. (Original Petition at 23:646-648.) Therefore, the second element of an IIED claim is not met.

The third element of an IIED claim—that "the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct"—is also lacking in this case. Socially intolerable conduct is conduct that is "outrageous in the extreme." *Patton v. J. C. Penney Company*, 301 Or. 117, 124 (1986*), abrogated on other grounds, by McGanty*, 321 Or. at 544. In *Araujo v. General Elec. Information Serv.*, 82 F. Supp. 2d 1161 (D. Or. 2000), the court described the kind of conduct that is sufficient to support an IIED claim:

> A claim for [IIED] may be established only where the conduct in question is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Araujo*, 82 F. Supp. 2d at 1174 (quoting *Rockhill v. Pollard,* 259 Or. 54, 59-60 (1971)). Conduct that is merely "rude, boorish, tyrannical, churlish and mean" does not satisfy the high standard that the defendant's acts be an extraordinary transgression of the bounds of socially tolerable conduct. *Patton*, 301 Or. at 124. As the court explained in *Delaney v. Clifton*, 180 Or. App. 119, 41 P.3d 1099 (2002):

> [W]e have identified no Oregon case in which the conduct that was the basis for an IIED claim was alleged to have been merely negligent and nevertheless was determined to be actionable. If anything, the cases suggest that conduct that is negligent, mistaken, or otherwise remiss rather than deliberate, intentional or engaged in by design will not support a claim for IIED.

*Delaney,* 180 Or. App. at 137.

In the following cases, the courts found that conduct, although egregious, did *not* "constitute an extraordinary transgression of the bounds of socially tolerable conduct:"

PAGE 18 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

- Directing plaintiffs to hold hands with co-workers, surrender their office keys, accusing them of being liars and saboteurs, terminating their employment, refusing to explain the conduct and ordering them off the employer's premises held insufficient to state a claim for IIED. *Watte v. Mayens,* 112 Or. App. 234, 238-39 (1992).

- Employer's decision to terminate plaintiff in public and in front of his family was conduct that fell "far short of the truly egregious conduct required to support [an IIED] claim." *Araujo*, 82 F. Supp. 2d at 1174.

- Doctor had intentionally made false statements to induce another physician to breach the confidentiality of sealed medical records, which resulted in an adopted child being able to locate her biological mother, against the mother's request. Court held this was insufficient to support an IIED claim, noting that "lack of foresight, indifference to possible distress, even gross negligence is not enough to support this theory of recovery." *Humphers v. First Interstate Bank of Oregon*, 68 Or. App. 573, 577 (1984).

In short, these cases show that, in order to support a claim for IIED, the conduct at issue must truly be "outrageous in the extreme." *Patton*, 301 Or. at 124. Plaintiffs' allegations fail to meet this standard. At best, plaintiffs have merely alleged facts to support a contract dispute. They have failed to allege any specific facts showing outrageous conduct by BAC.

## V. CONCLUSION

For the foregoing reasons, plaintiffs' Original Petition should be dismissed in its entirety and with prejudice.

DATED: October 18, 2010

LANE POWELL PC

By   /s/ Pilar C. French
Pilar C. French, OSB No. 962880
Telephone: 503.778.2170
Attorneys for Defendant

PAGE 19 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
116589.0250/881243.1

# CERTIFICATE OF SERVICE

  I hereby certify that on October 18, 2010, I caused to be served a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS on the following person(s) in the manner indicated below at the following address(es):

Carter Powell
Linda Powell
2969 NW Century Drive
Prineville, OR 97754

  ☐ by **CM/ECF**
  ☐ by **Electronic Mail**
  ☐ by **Facsimile Transmission**
  ☒ by **First Class Mail**
  ☐ by **Hand Delivery**
  ☐ by **Overnight Delivery**

                /s/  Pilar C. French

                Pilar C. French

CERTIFICATE OF SERVICE