**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Megan E. Smith**, OSB No. 084758
smithme@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **Carter and Linda Powell,** | Case No. 10-CV-6263-HO |
| Plaintiff, | |
| vs. | Defendant's<br>**REPLY IN SUPPORT OF MOTION TO DISMISS** |
| **BAC HOME LOANS SERVICING,** | |
| Defendant. | |

On October 18, 2010, Defendant BAC Home Loan Servicing, LP (incorrectly named in the caption as "BAC Home Loans Servicing") ("BAC" or "Defendant") filed a Motion to Dismiss (ECF No. 7) the Complaint filed by Plaintiffs Carter and Linda Powell. Like Plaintiffs' Complaint, Plaintiffs' Response to the Motion to Dismiss ("Response") (ECF No. 12) was copied from the internet, and it does not address either any facts specific to Plaintiffs' claims or the dispositive authorities cited in Defendant's motion. The same Response filed by Plaintiffs has been filed in at least two other matters, both of which were filed in federal courts and both were subsequently dismissed. (*See* Defendant's Request for Judicial Notice ("RJN") at

PAGE 1 -   REPLY IN SUPPORT OF MOTION TO DISMISS

Exhibit A (*Avetisyan* Response to Rule 12 Motion) and Exhibit B (*Vasconcellos* Response to Rule 12 Motion.) (*See also* Exhibit 4 and 6 to October 18, 2010 Declaration of Pilar C. French (ECF No. 10), filed in Support of Defendant's Motion to Dismiss; Orders Dismissing Plaintiff's Complaints in *Avetisyan* and *Vasconcellos*.)

Plaintiffs' Response does not establish or discuss any facts sufficient to support Plaintiffs' claims, nor does the Response cite any authority controverting any of the arguments in Defendant's Motion to Dismiss. As such, Plaintiffs' Response fails to provide any factual or legal basis for denying Defendant's Motion to Dismiss.

To the extent that Plaintiffs contend that they are actually asserting a claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, ("RESPA"), based on the fact that they were allegedly charged improper fees at closing, this claim also fails. (Response at 1-2).

Plaintiffs' Complaint does not assert a claim for violation of RESPA. But, assuming *arguendo*, that Plaintiffs have made such a claim, the Court should still dismiss Plaintiffs' Complaint. Any RESPA claim asserted by Plaintiffs would be time-barred. RESPA claims under 12 U.S.C. § 2607 "against kickbacks and unearned fees" are subject to a one-year limitations period, and RESPA claims under 12 U.S.C. § 2605 are subject to a three-year limitations period. 12 U.S.C. § 2614. The limitations period begins to run at closing. *Snow v. First American Title Ins. Co.*, 332 F.3d 356, 359 (5th Cir. 2003). Plaintiffs' own documents establish that any claimed violation would have occurred on November 28, 2006. (*See* Exhibits attached to Response.) Plaintiffs' Complaint was filed on September 14, 2010, nearly four years later. Plaintiffs fail to identify any facts or circumstances that might toll the statutes of limitation. Thus, all such periods have expired, and Plaintiffs' RESPA claims are time-barred.

Further, as stated more fully in Defendant's Motion to Dismiss, Plaintiffs may only assert a RESPA violation against BAC under 12 U.S.C. § 2605, the "Servicer Act," because BAC is a loan servicer. A servicer's obligation to respond to consumer inquiries is triggered by its receipt

PAGE 2 -   REPLY IN SUPPORT OF MOTION TO DISMISS

of a "qualified written request" ("QWR"). 12 U.S.C. § 2605(e). Plaintiffs do not and cannot allege that they ever submitted a QWR to BAC. As such, Plaintiffs never triggered BAC's duty, as servicer, to respond to an inquiry. Plaintiffs thus cannot prevail on a RESPA claim against BAC because Plaintiffs did not comply with the reporting requirements of 12 U.S.C. § 2605, *et seq*.

In summary, Plaintiffs' claims fail because:

1. Plaintiffs' claims for breach of fiduciary duty, negligence, fraud, violation of RESPA and TILA, and intentional infliction of emotional distress are all time-barred;

2. Plaintiffs lack standing to bring a claim for rescission under TILA; and

3. Plaintiffs do not allege any facts *at all* in support of their various causes of action.

Therefore, the court should grant Defendant's Motion and dismiss the Complaint with prejudice.

DATED: November 8, 2010

LANE POWELL PC

By  s/ Pilar C. French
Pilar C. French, OSB No. 962880
Megan E. Smith, OSB No. 084758
Telephone: 503.778.2170
Attorneys for Defendant

PAGE 3 -   REPLY IN SUPPORT OF MOTION TO DISMISS

### CERTIFICATE OF SERVICE

   I hereby certify that on November 8, 2010, I caused to be served a copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS on the following person(s) in the manner indicated below at the following address(es):

Carter Powell  
Linda Powell  
2969 NW Century Drive  
Prineville, OR 97754

 ☐ by **CM/ECF**  
 ☐ by **Electronic Mail**  
 ☐ by **Facsimile Transmission**  
 ☒ by **First Class Mail**  
 ☐ by **Hand Delivery**  
 ☐ by **Overnight Delivery**

              s/ Pilar C. French  
              Pilar C. French

PAGE 4 -   REPLY IN SUPPORT OF MOTION TO DISMISS

116589.0250/885212.1

**LANE POWELL** PC  
601 SW SECOND AVENUE, SUITE 2100  
PORTLAND, OREGON 97204-3158  
503.778.2100 FAX: 503.778.2200